**ROBINSON BRADFORD LLP**
Matthew C. Bradford, Esq. (SBN 196798)
3255 W. March Lane, Suite 230
Stockton, California 95219
Telephone:    (209) 954-9001
Facsimile:    (209) 954-9091
matthew@robinsonbradford.net

**TRAHAN LAW GROUP**
Ivan Trahan, Esq. (SBN 75143)
43471 Ridge Park Drive, Suite A
Temecula, California  92590
Telephone:    (951) 693-2080
Facsimile:    (951) 257-5805
bkattorney@earthlink.net

Attorneys for Plaintiff,
Ross Small

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ross Small, an individual, | Case No.:  5:15 CV 707 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | 1. **Violation of 47 USC 227 b(3)(B)**<br>2. **Violation of 47 USC 227 b(3)(B) & (C)**<br>3. **Violation of 15 USC 1692**<br>4. **Violation of Cal. Civ. Code 1788** |
| Citibank, N.A., a bank,<br>Pro Consulting Services, Inc., a corporation,<br>McCarthy, Burgess & Wolff | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Ross Small alleges the following:

1.     Plaintiff brings this action seeking damages and all other available legal or equitable remedies resulting from the illegal actions of Citibank, N.A. ("Citibank"), Pro

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Ross v. Citibank, et al*
Case No.:

Consulting Services, Inc. ("PCS"), McCarthy Burgess & Wolff ("MBW") (collectively "Defendants") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C.§227 et seq.* ("TCPA") and in engaging in intentionally harassing debt collection practices in violation of the Fair Debt Collection Practices Act, *15 USC 1692* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, *California Civil Code section 1788* ("RFDCPA")

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction under 28 U.S.C. section 1331 because this case arises out of violations of federal law.  Specifically, Defendants have repeatedly violated 47 U.S.C. section 227 subparagraph (b) and (c) and 15 USC 1692 as is more thoroughly described below.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1391(b) because Defendants do business within the State of California and a substantial part of the events that gave rise to this action took place in Riverside County.

## PARTIES

4.      Plaintiff is a natural person residing in California and is a "person" as defined by 47 U.S.C. section 153(39).

5.      Defendants are "persons" as defined by 47 U.S.C. section153 (39).

6.      The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Ross v. Citibank, et al*
Case No.:

- 2 -

7. Plaintiff is informed and believes that at all times relevant each and every Defendants were acting as an agent and/or employee of each of the other Defendants and were acting within the course and scope of said agency and/or employment with full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or admissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **BACKGROUND ALLEGATIONS**

### **The Telephone Consumer Protection Act of 1991 (TCPA) 47 U.S.C. § 227**

8. In response to a number of consumer complaints regarding telemarketing practices, the Congress of the United States enacted the Telephone Consumer Practices Act (47 U.S.C. §227, et seq.)

9. Among other things, the TCPA regulates the use of automated telephone equipment, also known as "robocallers" with regard to the calling of wireless or cellular telephones. More specifically, 227(b)(1)(A)(iii) prohibits the robocalling of any cellular or wireless telephone except for emergency purposes or except where the called party has given express consent.

10. The Federal Communications Commission found that such calls are prohibited because, as Congress found, automated or pre-recorded calls are a greater nuisance and invasion of privacy than live solicitation calls. Moreover, such calls can be inconvenient and costly because wireless customers may be charged for incoming calls.

**Defendants' Practice of Robocalling Mr. Ross on his Cell Phone**

11. Beginning in or about December 2012, and within the last year, Citibank contacted Mr. Small on his cellular telephone (number ending in 7505 and/or 4560) in an attempt to collect an alleged outstanding debt owed by Plaintiff.

12. Beginning in our about July 2013, and also within the last year PCS and MBW contacted Mr. Small on behalf of Citibank and at its direction on his cellular telephone in an attempt to collect an alleged outstanding debt to Citibank.

13. On multiple instances, Defedants placed at up to 65 calls in a single day to Mr. Small's cellular telephone seeking to collect the alleged debt owed by Mr. Ross. In all, Citibank, PCS and MBW placed at least 1100 calls to Mr. Ross' cell phone.

14. Citibank, PCS and MBW used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place its calls to Mr. Ross seeking to collect the debt allegedly owed by Mr. Ross.

15. Citibank, PCS and MBW's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

16. Citibank, PCS and MBW's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C §227(b)(1).

17. According to information and belief, Citibank, PCS and MBW never received Mr. Ross' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A). If

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Ross v. Citibank, et al*
Case No.:

- 4 -

Mr. Ross did unwittingly give Citibank, PCS and MBW "express consent", he later revoked said "express consent" by telling them to stop calling him.

18. On a few occasions, Mr. Ross answered Defendants' telephone calls in order to advise them to cease calling on his cell phone. However, Mr. Ross was unable to speak with a live human representative as Mr. Ross was routinely greeted by "dead air" on the other end of the call. On at least one occasion, Mr. Ross was able to speak with a live representative of Defendants and directed them to stop calling his cell phone. But, Defendants continued to call his cell phone despite his request.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

19. Mr. Ross repeats and incorporates by reference into this cause of action the allegations set forth above at paragraphs 1-18.

20. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. section 227 et. seq. Pursuant to 47 U.S.C. section 227(b)(3)(B), Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation.

21. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

22.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at paragraphs 1-18.

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. section 227 et seq.

24.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227 et seq., Mr. Ross is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

25.     Mr. Ross is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Violation of the FDCPA

26.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at paragraphs 1-18.

27.     At all times relevant, Defendants were companies engaged in the business of collecting a debt by the use of mail and telephone from Plaintiff.  Defendants were "debt collectors" seeking to collect a "debt" from Plaintiff who is a "consumer" as the terms are defined within the FDCPA.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Ross v. Citibank, et al*
Case No.:

- 6 -

28. In engaging in the practices more thoroughly described above, Defendants violated the provisions of the FDCPA designed to protect consumers from harassment including but not limited to 15 U.S.C. 1692(d)(5).

29. Defendants' conduct was undertaken in a knowing and willful manner warranting an award of actual and statutory damages, costs and attorney's fees.

## FOURTH CAUSE OF ACTION

### Violation of the RFDCPA

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at paragraphs 1-18.

31. At all times relevant, Defendants were companies engaged in the business of collecting a debt by the use of mail and telephone from Plaintiff. Defendants were "debt collectors" seeking to collect a "consumer debt" from Plaintiff who is a "person" as the terms are defined within the RFDCPA.

32. In engaging in the practices more thoroughly described above, Defendants violated the provisions of the RFDCPA designed to protect consumers from harassment including but not limited to Cal. Civ. Code §1788.11(d).

33. Defendants' conduct was undertaken in a knowing and willful manner warranting an award of actual and statutory damages, costs and attorney's fees.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Ross v. Citibank, et al*
Case No.:

## PRAYER FOR RELIEF

WHEREFORE, Mr. Ross requests judgment against Defendants and each of them for the following:

## FIRST CAUSE OF ACTION

1. As a result of Defendants' negligent violations of 47 U.S.C. section 227(b)(1), Mr. Ross is entitled to and requests the sum of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

2. An injunction directing Defendants to cease calling Mr. Ross' cellular telephone number using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3. Any and all relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

1. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. section 227(b)(1), Mr. Ross is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

2. An injunction directing Defendants to cease calling Mr. Ross' cellular telephone number using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3. Any and all other relief that the Court deems just and proper.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Ross v. Citibank, et al*
Case No.:

### THIRD CAUSE OF ACTION

1. As a result of Defendants' willful and/or knowing violations of 15 U.S.C. section 1692 et seq Mr. Ross is entitled to and requests damages, as provided by statute, and

2. Award of reasonable attorney's fees

### FOURTH CAUSE OF ACTION

3. As a result of Defendants' willful and/or knowing violations of California Civil Code section 1788 et seq Mr. Ross is entitled to and requests damages, as provided by statute, and

4. Award of reasonable attorney's fees

As to all claims, Plaintiff requests costs and all other relief the Court deems just.

Dated this 8th day of April, 2015

ROBINSON BRADFORD LLP

By:   /S/Matthew C. Bradford, Esq.
     Matthew C. Bradford
     ROBINSON BRADFORD LLP
     Attorney for Plaintiff, Ross Small

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*Ross v. Citibank, et al*
Case No.:

## JURY TRIAL DEMAND

Plaintiff Small Ross hereby requests a jury trial on the claims of the complaint.

Dated this 8 day of April, 2015.

.

                     **ROBINSON BRADFORD LLP**

                     By:    <u>/S/Matthew C. Bradford, Esq.</u>
                             Matthew C. Bradford
                             ROBINSON BRADFORD LLP
                             Attorney for Plaintiff, Ross Small

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Ross v. Citibank, et al*
Case No.: